1 | Matthew Resnik (SBN 182562)
**Simon Resnik LLP**
2 | 449 South Beverly Blvd. #210
Beverly Hills, CA 90212
3 | Tel: (310) 788-9777
Fax: (310) 788-0017
4 |

5 | Attorneys for Plaintiffs
DEBORAH CLARISSA DIAL-BARR and
6 | EARL BYRON BARR

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>DEBORAH CLARISSA DIAL-BARR and EARL BYRON BARR,<br><br>Debtors<br>_____<br>DEBORAH CLARISSA DIAL-BARR and EARL BYRON BARR,<br><br>individuals,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, INC. and its successors and/or assignees<br><br>Defendant. | Case No: LA 08-22447 EC<br><br>Chapter 13<br><br>Adv. No:<br><br>**COMPLAINT TO DETERMINE VALUE OF REAL PROPERTY, DETERMINE THE EXTENT OF THE SECURED CLAIM AND TO EXTINGUISH THE LIEN OF COUNTRYWIDE HOME LOANS, INC., and its successors and/or assignees** |

TO THE DEFENDANT:

-1-

Plaintiffs, **DEBORAH CLARISSA DIAL-BARR and EARL BYRON BARR**, individuals, ("Plaintiffs"), allege:

1. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. 1334(a).

2. This is a core proceeding under 28 U.S.C. §157(b)(2)(K) and (O).

3. Venue properly lies in this judicial district pursuant to 28 U.S.C. §1409(a), in that the instant proceeding is related to the case under Title 11 of the United States Code, which is before this Court.

4. On August 11, 2008 (the "Filing Date"), Plaintiffs commenced a case under chapter 13 of Title 11 of the United States Code, which was assigned case number LA 08-22447 EZ.

5. At all times relevant, Plaintiffs were the owners of and resided at that certain real property commonly known as 23644 Via Rancho Dr., Diamond Bar, CA 91765 (hereinafter "Real Property").

6. Plaintiffs are informed and believe and based on such alleges that as of the Filing Date, the Real Property had a value of $450,000.

7. Plaintiffs are informed and believe and based on such allege that the Real Property was subject to a first priority deed of trust in favor of COUNTRYWIDE HOME LOANS, INC. (hereinafter "COUNTRYWIDE"). which had a balance of at least $550,250 as of the Filing Date. (See attached Proof of Claim).

8. Plaintiffs are informed and believe and based on such allege that the Real Property was subject to a second deed of trust also in favor of COUNTRYWIDE, and its successors and/or assignees which had an approximate balance of $101,577.68 as of the Filing Date. (See attached Proof of Claim).

I.

**FIRST CLAIM FOR RELIEF**

**VALUATION OF SECURITY**

9. Plaintiffs re-allege the allegations in paragraphs 1 through 8 of the Complaint as if fully set forth here.

10. Plaintiffs allege that the Real Property became property of the bankruptcy estate upon the filing of the petition which commenced the underlying chapter 13 case.

11. Pursuant to 11 U.S.C. §506(a), (b), (c) and (d) and Fed. R. Bankr. Proc. 3012, Plaintiffs request that the Court determine the value of the Real Property to be $450,000 as of the Filing Date.

II.

**SECOND CLAIM FOR RELIEF**

**DETERMINATION OF THE NATURE AND EXTENT OF COUNTRYWIDE'S (FIRST DEED OF TRUST) LIEN**

12. Plaintiffs re-alleges the allegations in paragraphs 1 through 8, and 9 through 11 of the Complaint as if fully set forth here.

13. Pursuant to 11 U.S.C. §506(a), (b), (c), and (d) and Fed. R. Bankr. Proc. 3012, Plaintiffs request that the Court determine the

lien held by COUNTRYWIDE (the FIRST Deed of Trust) on the Real Property is in first priority and is secured in the amount of $550,250.00 or such other amount as the Court determines to be the value of the Real Property and that the balance of the claim is unsecured.

## III.

### THIRD CLAIM FOR RELIEF

### DETERMINATION OF THE NATURE AND EXTENT OF COUNTRYWIDE'S (SECOND DEED OF TRUST) LIEN

14.  Plaintiffs re-allege the allegations paragraphs 1 through 8, 9 through 11, and 12 through 13 of the Complaint as if fully set forth here.

15.  Pursuant to 11 U.S.C. §506(a), (b), (c) and (d) and Fed. R. Bankr. Proc. 3012, Plaintiff request that the Court determine the lien held by COUNTRYWIDE (the SECOND Deed of Trust) is in second priority behind COUNTRYWIDE'S FIRST Deed of Trust, and that COUNTRYWIDE holds a wholly unsecured claim in the SECOND deed of trust.

## IV.

### FOURTH CLAIM FOR RELIEF

### EXTINGUISHMENT OF COUNTRYWIDE'S (SECOND DEED OF TRUST) LIEN

16.  PlaintiffS re-alleges the allegations in paragraphs 1 through 15 of the Complaint as there set forth here.

17.  PlaintiffS are informed and believe and based on such allege that the claim of COUNTRYWIDE is completely unsecured and

under applicable law, including but not limited to 11 U.S.C. §506(a) and (d) and cases interpreting said code sections, may be determined to be a general unsecured claim.

18. Plaintiff are informed and believe and based on such alleges that the Court has the authority under applicable law, including 11 U.S.C. 1322(b), to confirm a chapter 13 plan which provides for COUNTRYWIDE as a general unsecured creditor, [providing that a timely claim was filed].

20. Plaintiffs are informed and believe and based on such allege that the Court has the authority under applicable law to extinguish the lien (SECOND Deed of Trust) of COUNTRYWIDE upon Plaintiff's completion of payments under the plan and issuance of a discharge.

### REQUEST FOR JUDGMENTS AND ORDERS

Based on the foregoing, Plaintiffs request that the Court enter a judgment which:

1. Determines the value of the Real Property to be $450,000 as of the Filing Date;

2. Determines that the lien of COUNTRYWIDE (the First Deed of Trust) is secured in the amount of $550,250;

4. Determines that the lien of COUNTRYWIDE (the Second Deed of Trust) is wholly unsecured;

5. Extinguishes COUNTRYWIDE'S lien (the Second Deed of Trust) and permits modification of the claim under §1322(b)(2); and

1     6.    For such other and further relief as the Court deems just and proper.

Dated: JUNE 18, 2009

                                SIMON RESNIK LLP

                                By: _____
                                    Matthew Resnik
                                    Attorneys for Plaintiff

FORM B104 (08/07)                                                                                           2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** Deborah Clarissa Dial-Barr & Earl Byron Barr | **DEFENDANTS** Countrywide Home Loans, Inc |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Simon & Resnik, LLP 449 South Beverly Drive, Suite 210 Beverly Hills, CA 90212 Tel: 310.788.9777 Fax 310.788.0017 | **ATTORNEYS** (If Known) Mart T Domeyer, Esq Miles, Bauer, Bergstrom & Winters, LLP 1665 Scenic Ave., Ste 200, Costa Mesa, CA 92626 |
| **PARTY** (Check One Box Only) ☑ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor ☐ Other ☐ Trustee | **PARTY** (Check One Box Only) ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☑ Creditor ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Proceedings to determine value of real property, extinguish the lien of a mortgage creditor under 11 U.S.C. §506 and to determine creditor to hold a general unsecured claim.

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
[1] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[2] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

FORM B104 (08/07), page 2                                                                 2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| **NAME OF DEBTOR** <br> Deborah Clarissa Dial-Barr & Earl Byron Barr | **BANKRUPTCY CASE NO.** <br> LA08-22447-EC | |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central | **DIVISIONAL OFFICE** <br> Los Angeles | **NAME OF JUDGE** <br> Ellen Carroll |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| | | |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|
| *[signature]* |

| **DATE** <br> 6/27/09 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> Matthew D. Resnik |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Kevin T. Simon, Esq. SBN 180967<br>Matthew D. Resnik, Esq. SBN 182562<br>SIMON & RESNIK, LLP<br>449 South Beverly Drive, Suite 210<br>Beverly Hills, CA 90212<br>Tel: (310) 788-9777<br>Fax: (310) 788-0017<br><br>Attorney for Plaintiff | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re:<br>Deborah Clarissa Dial-Barr & Earl Byron Barr<br><br><br>Debtor. | CHAPTER 13<br><br>CASE NUMBER  LA08-22447-EC<br><br>ADVERSARY NUMBER |
|---|---|
| Deborah Clarissa Dial-Barr & Earl Byron Barr<br>Plaintiff(s),<br>vs.<br>Countrywide Home Loans, Inc<br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

**TO THE DEFENDANT:** A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

**Hearing Date:**         **Time:**            **Courtroom:**            **Floor:**

☒ 255 East Temple Street, Los Angeles        ☐ 411 West Fourth Street, Santa Ana

☐ 21041 Burbank Boulevard, Woodland Hills    ☐ 1415 State Street, Santa Barbara

☐ 3420 Twelfth Street, Riverside

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

JON D. CERETTO
Clerk of the Bankruptcy Court

By: _____
*Deputy Clerk*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009 (COA-SA)                                                                 **F 7004-1**

Summons and Notice of Status Conference - *Page 2*    F 7004-1

| In re    **(SHORT TITLE)** | CASE NO.: LA08-22447-EC |
|---|---|
| Deborah Clarissa Dial-Barr & Earl Byron Barr    Debtor(s). | |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document described as _____
_____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____  _____     _____
Date            Type Name                Signature

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* (COA-SA)    F 7004-1

Summons and Notice of Status Conference - *Page 3*    **F 7004-1**

| In re (SHORT TITLE)<br>Deborah Clarissa Dial-Barr & Earl Byron Barr<br>Debtor(s). | CASE NO.: LA08-22447-EC |
|---|---|

**ADDITIONAL SERVICE INFORMATION** (if needed):

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* (COA-SA)    **F 7004-1**